IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEGACY VISION, LLC,<br>an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GARY YEAMANS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-04-1320-M<br>)<br>)<br>)<br>) |

## ORDER

On May 9, 2005, Plaintiff filed its Motion for Determination of Sufficiency of Defendant's Responses to Requests for Admissions ("Motion for Determination") [docket no. 34]. The Court denied the Motion on the ground that it lacked a certification that the parties have personally met and conferred in a good faith effort to resolve the discovery dispute without judicial intervention, as required by LCvR37.1, which provides in part: "With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord."

On May 23, 2005, Plaintiff re-filed its Motion for Determination. The re-filed Motion contains the following certification: "On May 17, 2003 [sic], Plaintiff's counsel in good faith attempted to confer with counsel for Defendant by telephone in an effort to secure the information without Court action." Mot. for Determination at 3. This certification is insufficient.

Under LCvR37.1, counsel for any party filing a motion pursuant to Fed. R. Civ. P. 26 through 37 and 45, must certify in the motion that counsel have "*personally met*" with counsel for

the non-moving party. LCvR37.1. The only exceptions to this requirement apply when "(1) the motion or objection arises from failure to timely make a discovery response, or (2) distance between counsels' offices renders a personal conference infeasible." *Id.* In this case, neither exception applies. Plaintiff's Motion does not arise from a failure to timely make a discovery response. Rather, the Motion is a challenge to the "sufficiency" of Defendant's responses. Moreover, counsel for both parties are located in Oklahoma City, Oklahoma. Under LCvR37.1, the distance between counsels' offices is "feasible" by definition. *Id.* ("When the locations of counsels' offices, which will be stated with particularity by movant, are in the same city or within thirty miles of each other, a personal conference is always deemed feasible as to distance.").

Even assuming, only for the sake of argument, that either of the two exceptions to the meet-and-confer requirement applied in this instance, the Court would still find the certification in Plaintiff's Motion inadequate. When either of the exceptions applies, the party moving for relief pursuant to Fed. R. Civ. P. 26 through 37 and 45 must represent to the Court in writing "that movant's counsel has conferred with opposing counsel by telephone . . . ." *Id.* Here, Plaintiff's counsel represents only that he has "*attempted* to confer with counsel for Defendant by telephone." Mot. for Determination at 3 (emphasis added). Plaintiff's counsel's "attempt" simply falls short of the requirements of LCvR37.1.

For all of the foregoing reasons, the Court finds that Plaintiff's second Motion for Determination of Sufficiency of Defendant's Responses to Requests for Admissions [docket no. 41] must be, and now hereby is, DENIED pursuant to LCvR37.1. Further, in light of Plaintiff's counsel's obvious disregard for this Court's Local Rules, and the unnecessary expenditure of judicial

resources resulting from such carelessness, the Court will decline to consider any further challenge to the sufficiency of Defendant's discovery responses.

**IT IS SO ORDERED this 26th day of May, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE